UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONNOR R., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:24-cv-05628-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of Plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's decision finding that Plaintiff was not disabled. Dkt. 4, Complaint.

On February 22, 2021, Plaintiff applied for SSI and DIB alleging a disability onset date of December 5, 2019. AR 17. The claims were denied initially and upon reconsideration. AR 17. On August 24, 2023, a hearing was conducted by Administrative Law Judge ("ALJ") Jo Hoenninger. AR 42-76.

On November 15, 2023, the ALJ issued a decision, finding Plaintiff was not disabled. AR 14-36. On June 25, 2024, the Appeals Council denied Plaintiff's request for review. AR 1. Plaintiff filed the instant appeal to this Court.

ALJ Hoenninger found that Plaintiff had the following severe impairments: left patellofemoral pain syndrome, chronic back pain, post-traumatic stress disorder (PTSD), generalized anxiety disorder, attention-deficit/hyperactivity disorder (ADHD), and personality disorder (20 CFR 404.1520(c) and 416.920(c)). AR 20.

As a result, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except:

> he can frequently climb ramps, stairs, ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; can understand and remember simple instructions and workplace procedures; has sufficient concentration, persistence, and pace to complete simple tasks in two-hour increments for a normal workday and workweek with normal breaks; can tolerate frequent interactions with coworkers and supervisors; can tolerate occasional interactions with the general public; is able to adapt to normal routine changes in the workplace; and is able to understand and follow employer set goals.

AR. 25.

The ALJ determined Plaintiff could perform the following work: hand packager assembler (DOT 920.587-018), laundry worker (DOT 361.685-018), and kitchen helper (DOT 318.687-010).

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759

F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

Plaintiff raises one issue in his complaint: whether the ALJ erred in not considering Plaintiff's traumatic brain injuries and concussions at Step two and in evaluating the Plaintiff's RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

At step two, the ALJ must determine whether the claimant has a medically severe impairment or combination of impairments. 20 CFR § 404.1520(a)(4)(ii).

A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 416.921.

"An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.' " *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). "The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if

1  their age, education, and experience were taken into account." *Bowen v. Yuckert*, 482
2  U.S. 137, 153 (1987). "[T]he step-two inquiry is a *de minimis* screening device to
3  dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)
4  (citing *Bowen*, 482 U.S. at 153–54).
5        Plaintiff argues that the ALJ erred failing to address his history of concussions
6  and traumatic brain injuries. Plaintiff states he has experienced several serious
7  concussions in his life, which "exacerbated the symptoms of his other impairments while
8  also impacting his executive functioning in ways not related to these impairments." Dkt.
9  9 at 2.
10       Plaintiff testified during the hearings before the ALJ that he experienced multiple
11 concussions (AR 51, 87) and struggled with a traumatic brain injury (AR 54). As a result,
12 he testified he struggled to understand certain aspects of the ALJ's questions during the
13 hearing. AR 54. When asked by the ALJ why Plaintiff thought he could not work at the
14 first hearing, Plaintiff testified that he "struggled with impulsivity and the ability to focus,
15 as well as with my ADHD." AR 59. Plaintiff did not state that it was due to his
16 concussions or traumatic brain injury, however, that prevented him from working in his
17 opinion. *Id.*
18       At a hospital emergency room on April 15, 2023, in Medford, Oregon, after a
19 head-on collision, a CT scan of Plaintiff's head, maxillofacial, and cervical spine, was
20 conducted. AR 1048. The findings reported by Dr. David Gorrell, MD were "No
21 intraparenchymal hemorrhage. No evidence of mass, midline shift, or CT findings of
22 infarction. . . ." *Id.* Dr. Gorrell reported a nasal bone fracture, and a left frontal
23 hematoma on Plaintiff's scalp. *Id.*
24
25

When he was discharged from the hospital after neck surgery, Plaintiff's discharge summary listed as one of the discharge diagnoses: "[t]raumatic head injury with multiple maxillofacial lacerations". AR 1017.

During a medical examination on May 5, 2023, Carey Seip, PA-C noted that Plaintiff stated he had been a passenger in a vehicle during a head-on collision, and that after the accident he was informed of "a grade three concussion from a traumatic brain injury related to the motor vehicle accident." AR 1071. During the examination, Plaintiff asserted "nobody followed up regarding his concussion and he does have some symptoms of forgetfulness and difficulty completing tasks." AR 1074. A CT scan report (AR 1076) by Dr. William Kuhl, MD, dated May 12, 2023 refers to "intracranial injury with loss of consciousness of unspecified duration, initial encounter", and states "[n]ormal head CT. CT cannot exclude acute infarct." There is also a progress note of Jennifer Wynn, N.P., dated June 2, 2023, that states Plaintiff had "recently been obtaining home health physical therapy for his post concussive issues" and the physical therapy was finished. AR 1077.

Yet Plaintiff points to no medical opinion that assessed any limitation stemming from his history of concussions or traumatic brain injury. *See, Buck v. Berryhill,* 869 F.3d 1040,1048-1049 (9th Cir. 2017) (step two is not designed to identify every impairment; but in assessing the RFC limitations and restrictions imposed by all impairments, even the non-severe impairments, must be considered); *Yanchar v. Berryhill,* 720 Fed. Appx. 367, 370 (9th Cir. 2017) (finding that the ALJ did not err by not including depression in the list of severe impairments at step two, when Plaintiff was diagnosed with depression but there were no medical reports of functional limitations associated with the diagnosis

of depression); *see also*, Bentley v. Saul, 817 Fed. Appx. 424, 426, 427-428 (9th Cir. 2020) (remand for additional proceedings was warranted because functional limitations were left out of the RFC and if Plaintiff's mental health conditions and ulnar neuropathy had been properly assessed at steps two and four, the RFC may have been different).

In this case, Plaintiff did not mention concussions or traumatic brain injuries as a reason he could not work, in his disability applications or disability reports. AR 245-269; 309-320; 322-339.

Plaintiff further argues that the ALJ's failure to discuss his concussions and traumatic brain injuries impacted the ALJ's RFC assessment.

"In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' " Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d at 1049 (emphasis in original). Even so, an ALJ need only include in the RFC limitations supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

In other words, when making the RFC determination, the ALJ only has to consider those limitations for which there was record support that did not depend on Plaintiff's subjective complaints. *Bayliss v. Barnhart*, 427 F.3d. 1211, 1217 (9th Cir. 2005) (upholding ALJ's RFC because "the ALJ took into account those limitations for which there was record support that did not depend on [claimant]'s subjective complaints"). Preparing a function-by-function analysis for medical conditions or

impairments that the ALJ found neither credible nor supported by the record is unnecessary. *Id.*

Here, the ALJ found that Plaintiff had severe mental impairments that caused cognitive limitations. Plaintiff retained the capacity to: understand and remember simple instructions and workplace procedures; has sufficient concentration, persistence, and pace to complete simple tasks in two-hour increments for a normal workday and workweek with normal breaks; can tolerate frequent interactions with coworkers and supervisors; can tolerate occasional interactions with the general public; is able to adapt to normal routine changes in the workplace; and is able to understand and follow employer set goals. AR 25.

Plaintiff asserts he has had with problem solving, decision-making skills, multi-tasking, completing tasks, and self-control and states these are related to his concussions and brain injuries. AR 385, 399, 538, 544. Plaintiff fails to show the RFC did not reflect these limitations. *Buck v. Berryhill*, 869 F.3d at 1049.

## CONCLUSION

For the reasons discussed above, the Court concludes the ALJ properly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 14th day of March, 2025.

Theresa L. Fricke
United States Magistrate Judge